In the Matter of the Tax Appeal of VALLEY OF THE TEM-
PLES CORPORATION, Taxpayer

NO. 5548

APRIL 8, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA AND
MENOR, JJ., AND CIRCUIT JUDGE
SODETANI ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY MENOR, J.

The appellant, Director of Taxation for the State of Hawaii
[hereinafter the State], appeals from a final judgment and
order of the Tax Appeal Court in favor of Valley of the
Temples Corporation [hereinafter the Taxpayer].

The facts relevant to this appeal are as follows: The State
assessed the Taxpayer's land and improvements thereon at a
value of $1,996,348.00 for the real property tax year
1972-1973, following normal assessment procedures. The
Taxpayer filed a timely notice of appeal to the Board of
Review for the First Taxation Division [hereinafter the
Board], appealing from the assessment as made on both land
and buildings. At the hearing before the Board, the Taxpayer
made an oral amendment to its notice of appeal, requesting

only that the Board credit it with 3.1437 acres sold as cemetery lots. The request was granted; however, at the State's request, the Board also increased the original assessment by $513,621.00. This increase reflected the difference between the application of a unit value of $14,000 per acre in the State's original assessment and the unit value of 70 cents per square foot ($30,492 per acre) to unsold cemetery lands allowed by the Board.

The Taxpayer appealed the increased assessment to the Tax Appeal Court, stating in its notice of appeal that the ground therefor was the illegality of the Board's action in increasing the original assessment. Trial was had on stipulated facts and judgment was entered for the Taxpayer.

I

Initially, the State's contention that the Tax Appeal Court lacked jurisdiction to determine the scope of the powers and authority of the Board must be considered.

The State argues that *In re Taxes Maui Agr. Co.*, 34 Haw. 515 (1938) is applicable to the case at bar. In *Taxes Maui* this court held that "[a] taxpayer's notice of appeal to the tax appeal court from the decision of a divisional board containing additional grounds of review cannot enlarge the issues originally framed by the notice of appeal [to the Board]." 34 Haw. at 545. This court further held that neither the Board nor the Tax Appeal Court had jurisdiction to determine the *validity* of an assessment, since its power was limited to the allowance or disallowance of exemptions and the increasing or decreasing of assessments. 34 Haw. at 551.

We hold that *In re Taxes Maui Agr. Co., supra,* decided in 1938, is no longer applicable authority in the determination of the Tax Appeal Court's jurisdiction in real property tax appeals. Since 1939 the Legislature has expressly provided that an appeal from a appeal from a final decision of the Board to the Tax Appeal Court "shall bring up for determination all

questions of fact and all questions of law, including constitutional questions involved in the appeal." 1939 S.L.H. c. 208, § 7;[1] HRS § 232-17 (Supp. 1974).

In 1967, the Legislature replaced the three-member Tax Appeal Court (an attorney who was designated judge and two lay members) with the present court composed of a first and a second judge so designated by the Chief Justice of the Supreme Court from among the judges of the Circuit Court of the First Circuit. 1967 S.L.H. c. 231, § 2. Whereas the Tax Appeal Court had been previously limited to reviewing real property tax assessment appeals, the present court is charged with hearing *all appeals relating to taxes*.[2] *See* Standing Committee Report No. 706, 1967 House Journal 749. Furthermore, while the Board is expressly prohibited from determining or declaring an assessment to be illegal or void, HRS § 232-7(b) (Supp. 1974), there is no such restriction upon the jurisdiction of the Tax Appeal Court.

The issue of the Board's powers in this case was properly before the Tax Appeal Court. Whether the Board, at the instance of the State and not at the initiative of the appealing party, had the statutory authority to raise the assessment was a question of law which the Tax Appeal Court was required to determine in the course of its statutory duty to hear appeals. HRS §§ 232-13, 232-17 (Supp. 1974).

HRS § 232-13, limiting the jurisdiction of the Tax Appeal Court to "the amount of valuation or taxes, as the case may be, in dispute as shown on the one hand by the amount claimed by the taxpayer or county or on the other hand by the amount of the assessment, or if increased by the board the

---

[1] In its report the House Committee on Finance noted:

"[E]very effort has been taken to give the Board of Review and the Tax Appeal Court the broad powers that it was the intent of the 1933 [sic] law to give them. Under a recent decision [apparently referring to In re Taxes Maui Agr. Co., supra, decided in 1938] it seems that the Territory is now in a position to claim that almost any point is a 'question of law' or a 'constitutional question' which must go to the Supreme Court." Standing Committee Report No. 99, 1939 House Journal 395, 396.

[2] An example of this enlarged jurisdiction is the determination of claims under HRS § 40-35, which earlier had been within the jurisdiction of the circuit courts.

assessment as so increased," was not a limitation on the power of the Tax Appeal Court to determine whether the Board exceeded its authority in increasing the amount of the assessment. This is consonant with the statutory appellate scheme, whereby appeals are taken from the Board to the Tax Appeal Court on all issues of fact and all questions of law, including constitutional questions, and from the latter tribunal to this court. HRS §§ 232-17, 232-19 (Supp. 1974).

Neither was the requirement that a proceeding before the Tax Appeal Court be a hearing de novo, pursuant to HRS § 232-13, a restriction upon the court's jurisdiction to determine the issue. The Taxpayer had the right to appeal the decision of the Board to the Tax Appeal Court. HRS § 232-17 (Supp. 1974). The cause was heard by the Tax Appeal Court anew, as if it had been an original proceeding before it, and as though no adjudication had ever been made. *Bookstaver v. Town of Westminster,* 131 Vt. 133, 136, 300 A.2d 891, 893 (1973). The hearing de novo presented for reexamination and redetermination all issues, both of fact and of law, which were necessarily considered by the Board. *Shelton v. Lambert,* 399 P.2d 467, 470 (Sup. Ct. Okl. 1965). Of crucial significance at the Board hearing was the question of whether the assessment could be increased at the instance of the State upon the appeal by the Taxpayer, a question of law which the Tax Appeal Court, on a hearing de novo, was required to determine for itself. This it did, adversely to the State.

II

The Tax Appeal Court rightly concluded that neither it nor the Board had the power and authority to increase the State's assessed real property valuation at the instance of the State upon an appeal filed by the Taxpayer.

The assessment made by the State's assessor is deemed to be prima facie correct. HRS §§ 232-7(c), 232-13. Furthermore, assessment notices, lists, and records are deemed to be prima facie proof that assessments were determined in compliance with carefully prescribed procedures. HRS § 231-20. Once assessment lists have been published, no

changes may be made in the assessment except under very narrow circumstances as provided for in Chapter 231 and Chapter 246.

Except as specifically provided in chapter 231 and chapter 246, no changes in, additions to, or deductions from, the real property tax assessments on the assessment lists prepared as provided in section 246-44 shall be made except to add thereto property or assessments which may have been omitted therefrom, or to deduct therefrom adjustments on account of duplicate assessments and clerical errors, such as transpositions in figures, typographical errors, and errors in calculation. HRS § 231-22.

Under Chapter 231 adjustments in the assessment lists may be made "on account of duplicate assessments and clerical errors, such as transposition in figures, typographical errors, and errors in calculations," HRS § 231-23(a) (Supp. 1974), but no claim is made by the State that the requested change was predicated upon those grounds which, in any event, would not have required Board action to remedy. HRS § 231-23(a) (Supp. 1974). The relevant provisions of Chapter 246 relate to tax appeals. *See* HRS §§ 246-44, 246-46 (Supp. 1974).

The State relies most heavily upon HRS § 232-7(b) (Supp. 1974) in support of its contention that the Board was authorized to increase the assessment at the instance of the State upon the appeal by the Taxpayer. The pertinent provisions of the statute are as follows:

Each board . . . shall hear, as speedily as possible, all appeals presented each year. Each board shall have the power and authority to decide all questions of fact and all questions of law, . . . necessary to the determination of the objections raised by the taxpayer or the county in the notice of appeal . . . . Without prejudice to the generality of the foregoing each board shall have the power . . . to increase or lower any assessment.

The State apparently interprets the concluding sentence empowering the Board "to increase or lower any assessment" to mean that the Board was authorized to order the

increase at the request of the State. What the State's argument fails to take into consideration, however, is that the power of the Board to make any adjustment is dependent upon its determination "of the objections raised by the taxpayer or the county in the notice of appeal." There is no provision for the State to challenge its own assessment, and changes are permitted only in accordance with the terms of the statute. HRS § 231-22.

The right of appeal is purely statutory. *Mahelona Hosp. v. Kauai Civ. Ser. Com.*, 46 Haw. 260, 377 P.2d 703 (1962). Only a taxpayer or a county may, as a statutory right, appeal the original valuation; the former because he is chargeable with the tax, and the county because the tax collected by the State accrues to its benefit. The State is in essence merely the administrator of the real property tax laws. *See* HRS § 246-50. As such, its interest lies primarily in making correct and equitable assessments, an interest the Legislature has determined to be amply served by the statutory provisions allowing for the correction of assessment lists and authorizing the State to make whatever adjustments in valuation may be necessary for the succeeding assessment period. HRS § 231-23(a) (Supp. 1974); HRS §§ 232-7(d) (Supp. 1974), 232-7(e). Thus, where either the taxpayer or the county fails to appeal, the original assessment may not be disturbed.

Statutes *in pari materia* must be construed with reference to each other. HRS § 1-16; *In re Smart*, 54 Haw. 250, 253, 505 P.2d 1179, 1181 (1973). And it seems to us clear from a review of the statutory scheme of real property taxation that the State's role in appeals is basically that of a defender of its original assessment.

The judgment of the Tax Appeal Court is affirmed.

*Richard Y. Wada*, Deputy Attorney General, for Director of Taxation, appellant.

*George G. Grubb (Carlsmith, Carlsmith, Wichman & Case* of counsel) for Taxpayer, appellee.