915 P.2d 1358

**In the Matter of the Application of KAUAI HOTEL, L.P., Appellant,**

v.

**COUNTY OF KAUA'I, Appellee.**

**No. 18910.**

Supreme Court of Hawai'i.

April 30, 1996.

Reconsideration Denied May 16, 1996.

---

Donna Y.L. Leong of Cades Schutte Fleming & Wright, on the briefs, Honolulu, for appellant.

Margaret Hanson, Deputy County Attorney, on the briefs, Lihue, Kauai, for appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

KLEIN, Justice.

The question in this appeal by Kauai Hotel, L.P. (Taxpayer), is whether the Tax Appeal Court has jurisdiction under Hawai'i Revised Statutes (HRS) chapter 232, "Tax Appeals" (1993),[1] to hear and consider issues

---

1. HRS § 232–11 provides in pertinent part that "[t]he tax appeal court shall hear and determine appeals as provided in section 232–16 or 232–17. It ... shall have the power and authority *in the manner provided in section 232–13*, to decide all questions of fact and all questions of law, including constitutional questions, involved in any such matters[.]" (Emphasis added.) HRS § 232–13 provides in pertinent part:

 **Hearing de novo; bill of particulars.** *The hearing before the tax appeal court shall be a hearing de novo.* Irrespective of which party prevails in proceedings before a state board of review, or any equivalent administrative body established by county ordinance, the assessment as made by the assessor ... shall be deemed prima facie correct. Each party shall have the right to introduce, or the tax appeal court, of its own motion, may require the taking of such evidence in relation to the subject pending as in the court's discretion may be deemed proper. The court, in the manner provided in section 232–16, shall determine all questions of fact and all questions of law, in-

that were not expressly raised by the Taxpayer in its initial appeal to the board of review (Board).

## I. *BACKGROUND*

At the time real property taxes were due and paid for the 1993–1994 tax year, the Taxpayer owned multiple parcels of land comprising what was formerly known as the "Westin Kauai" hotel. The tax assessor for the County of Kaua'i (County) valued the two parcels relevant to the instant appeal as follows:

| | Parcel 2 | Parcel 41 |
|---|---|---|
| Buildings | $110,878,932.00 | $2,082,330.00 |
| Land | $ 33,840,000.00 | $ 528,400.00 |
| Total | $144,718,932.00 | $2,570,030.00 |

On preprinted forms supplied by the County of Kaua'i, the Taxpayer claimed that the County committed "[e]rror in the method of assessment or the application of the method of assessment" as its grounds for objection. Correspondingly, the Taxpayer claimed that

the assessment values for Parcels 2 and 41 were correct with respect to the buildings thereon, but that the land values should have been $4,148,750.00 and $29,427.00, respectively.

After undertaking its informal review of the subject real property tax assessments, the Board reduced the assessed land value of Parcel 41 to $487,700.00 and issued an amended notice of property assessment in conformity with its decision.[2] The Taxpayer then filed a timely appeal to the Tax Appeal Court asserting that the assessed valuations violated HRS § 232–3(1), (2) and (4).[3] In its notice of appeal to the Tax Appeal Court, the Taxpayer indicated that it was appealing "from the original and amended land, improvements and total property assessments. However, an allocation between land and improvements of the total property has not been determined at this time."

The Tax Appeal Court subsequently issued an order granting the County's motion for

---

cluding constitutional questions, involved in the appeal.

*The jurisdiction of the tax appeal court is limited to the amount of valuation or taxes, as the case may be, in dispute as shown on the one hand by the amount claimed by the taxpayer or county and on the other hand by the amount of the assessment . . . .*

(Emphases added.) HRS § 232–16 provides in pertinent part that "[a]n appeal to the tax appeal court shall bring up for review all questions of fact and all questions of law, including constitutional questions, *necessary to the determination of the objections raised by the taxpayer or county in the notice of appeal.*" (Emphasis added.) Finally, HRS § 232–17 provides in pertinent part:

**§ 232–17 Appeals from boards of review to tax appeal court.** An appeal shall lie to the tax appeal court from the decision of a state board of review, or equivalent administrative body established by county ordinance, by the filing, by the taxpayer ... of a written notice of appeal in the office of the tax appeal court within thirty days after the filing of the decision of the state board of review, or equivalent administrative body, and, in the case of any appealing taxpayer, the payment of the costs of court in the amount fixed by section 232–22. The taxpayer shall also file a copy of the notice of appeal in the assessor's office and, in case of an appeal from a decision involving the county as a party, with the county clerk.... A notice of appeal shall be sufficient if it states that the taxpayer ... appeals from the decision of the state board of review, or equivalent administrative body, to the tax appeal court and may be amended at any time. The appeal shall bring up for determination all questions of fact

and all questions of law, including constitutional questions involved in the appeal.

2. The Board's decision also reduced the assessed land values of other parcels that are not at issue in this appeal. However, the Board did not change the assessed value of Parcel 2.

3. HRS § 232–3 provides in pertinent part:

**Grounds of appeal, real property taxes.** In the case of a real property tax appeal, no taxpayer or county shall be deemed aggrieved by an assessment, nor shall an assessment be lowered or an exemption allowed, unless there is shown:

(1) Assessment of the property exceeds by more than twenty per cent the ratio of assessment to market value used by the director of taxation as the real property tax base, or

(2) Lack of uniformity or inequality, brought about by illegality of the methods used or error in the application of the methods to the property involved, or

$\cdot$ $\cdot$ $\cdot$ $\cdot$ $\cdot$

(4) Illegality, on any ground arising under the Constitution or laws of the United States or the laws of the State (in addition to the ground of illegality of the methods used, mentioned in clause (2)).

The Taxpayer also cited Kaua'i County Code (KCC) § 5A–12.3(1), (2), and (4), which are substantially similar to the provisions in HRS § 232–3, *supra*, but which only apply to appeals before the Board.

partial dismissal—pertaining to that portion of the Taxpayer's appeal purportedly challenging the building (i.e., "improvements") assessments—and denying the Taxpayer's motion for partial summary judgment. The order provided in pertinent part:

> 2. The Motion for Partial Dismissal is hereby granted, since this court, as a matter of law, only has jurisdiction to hear and consider matters which were disputed in the appeal before the Board.
>
> 3. This court does not have jurisdiction, in this case, to hear and consider the value of the buildings that were assessed with respect to [Parcels 2 and 41].
>
> 4. Since the granting of the Motion for Partial Dismissal is dispositive of the issues raised by the Motion, [the Taxpayer's] Motion for Partial Summary Judgment is denied.

The Taxpayer subsequently obtained an order from the Tax Appeal Court certifying the above order under Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b),[4] and the court entered final judgment on the order.

## II. *DISCUSSION*

Relying on *In re Tax Appeal of Valley of the Temples Corp.*, 56 Haw. 229, 533 P.2d 1218 (1975), the Taxpayer argues that the *de novo* hearing before the Tax Appeal Court is neither dependent upon, nor limited by, the proceedings before the Board. In the alternative, the Taxpayer argues that the building valuations were necessarily considered by the Board in deciding whether to lower the Taxpayer's total real property tax assessments.

A. *In an appeal from a board of review, the jurisdiction of the Tax Appeal Court is limited to objections that were raised before the board, and any other issues, either of fact or of law, that were necessarily considered by the board.*

In *Valley of the Temples, supra*, the taxpayer appealed "the assessment as made on both land and buildings" to the appropriate board of review. 56 Haw. at 229, 533 P.2d at 1219. "At the hearing before the Board, the Taxpayer made an oral amendment to its notice of appeal, requesting only that the Board credit it with 3.1437 acres sold as cemetery lots. The request was granted; however, at the State's request, the Board also increased the original assessment[.]" *Id.* at 229–30, 533 P.2d at 1219. The taxpayer then appealed to the Tax Appeal Court arguing that the board acted illegally in increasing the original assessment at the behest of the State. *Id.* at 230, 533 P.2d at 1219. The Tax Appeal Court agreed and entered judgment in favor of the taxpayer. *Id.*

The State thereafter appealed to this court, contending that "the Tax Appeal Court lacked jurisdiction to determine the scope of the powers and authority of the Board," *id.*, and that, in any event, the Board was authorized to increase the assessment. We rejected the State's arguments, holding (1) that the Tax Appeal Court possessed the jurisdiction to consider the issue and (2) that "[t]he Tax Appeal Court rightly concluded that neither it nor the Board had the power and authority to increase the State's assessed real property value at the instance of the State upon an appeal filed by the Taxpayer." *Id.* at 232, 533 P.2d at 1220.

In reaching our holding on the first issue, we made the following statements:

> The State argues that *In re Taxes Maui Agr[ic]. Co.*, 34 Haw. 515 (1938) is applicable to the case at bar. In *Taxes Maui* this court held that "[a] taxpayer's notice of appeal to the tax appeal court from the decision of a divisional board containing additional grounds of review cannot enlarge the issues originally framed by the notice of appeal [to the Board]." 34 Haw. at 545. This court further held that neither the Board nor the Tax Appeal Court had jurisdiction to determine the *validity* of an assessment, since its power was lim-

---

4. HRCP Rule 54(b) provides in pertinent part:

> **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, .. the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

ited to the allowance or disallowance of exemptions and the increasing or decreasing of assessments. 34 Haw. at 551.

We hold that *In re Taxes Maui Agr[ic]. Co., supra,* decided in 1938, is no longer applicable authority in the determination of the Tax Appeal Court's jurisdiction in real property tax appeals. Since 1939 the Legislature has expressly provided that an appeal from a final decision of the Board to the Tax Appeal Court "shall bring up for determination all questions of fact and all questions of law, including constitutional questions involved in the appeal."

56 Haw. at 230–231, 533 P.2d at 1219 (emphasis in original) (citations omitted).

 Based on the above language, the Taxpayer contends that *Valley of the Temples* stands for the proposition that the jurisdiction of the Tax Appeal Court is in no way limited by the issues raised before, and decided by, the Board. We disagree.

In *Valley of the Temples,* we recognized that the holding in *Maui Agric.* was based on specific statutory provisions that had since been amended.[5] It was for this reason that we held that *Maui Agr.* was no longer applicable authority in determining the jurisdiction of the Tax Appeal Court. However, we did not thereby hold that the statement in *Maui Agr.*—"[a] taxpayer's notice of appeal to the tax appeal court from the decision of a divisional board containing additional grounds of review cannot enlarge the issues originally framed by the notice of appeal [to the Board]," 34 Haw. at 545—was necessarily incorrect.

On the contrary, our analyses of both issues involved in *Valley of the Temples* indicate that the above statement remains essentially good law. First, we discussed the scope of the Tax Appeal Court's de novo hearing as follows:

[T]he requirement that a proceeding before the Tax Appeal Court be a hearing de

novo, pursuant to HRS § 232–13, [was not] a restriction upon the court's jurisdiction to determine the issue.... *The hearing de novo presented for re-examination and redetermination all issues, both of fact and of law, which were necessarily considered by the Board.*

*Id.* at 231–32, 533 P.2d at 1220 (citing *Shelton v. Lambert,* 399 P.2d 467, 470 (Okla. 1965)) (emphasis added). We then explained that when the Board decided to increase the assessment, it necessarily considered the question of whether it had the authority to do so, and that the Tax Appeal Court therefore possessed jurisdiction to also consider that question:

Of crucial significance at the Board hearing was the question of whether the assessment could be increased at the instance of the State upon the appeal by the Taxpayer, a question of law which the Tax Appeal Court, on a hearing de novo, was required to determine for itself.

*Id.* Thus, it is apparent that we held that the Tax Appeal Court possessed jurisdiction to consider the question only because the Board necessarily considered it first.

Furthermore, with respect to the second issue raised in the *Valley of the Temples* appeal, we held that "neither [the Tax Appeal Court] nor the Board had the power and authority to increase the State's assessed real property valuation at the instance of the State upon an appeal filed by the Taxpayer," *id.* at 232, 533 P.2d at 1220, because "the power of the Board to make any adjustment is dependent upon its determination 'of the objections raised by the taxpayer or the county in the notice of appeal.'" *Id.* at 234, 533 P.2d at 1221. Implicit in our analysis was the proposition that the Tax Appeal Court's jurisdiction is limited to the issues raised before the Board; if this were not so, then the fact that the Board's power was

---

**5.** When *Maui Agric.* was decided, the power of the Tax Appeal Court was "limited to the allowance or disallowance of exemptions and to increase or lower assessment[.]" 34 Haw. at 551. In 1939, the legislature expressly broadened the scope of the Tax Appeal Court's jurisdiction to include "all questions of fact and all questions of law, including constitutional questions involved

in the appeal." *See Valley of the Temples,* 56 Haw. at 231, 533 P.2d at 1219 (quoting 1939 Haw.Sess.L. Act 208, § 7). And in 1967, the statutes were further amended such that the all appeals relating to taxes were to be heard by the Tax Appeal Court. *see id.* at 231, 533 P.2d at 1220 (citing Hse.Stand.Comm.Rep. No. 706, in 1967 House Journal, at 749).

dependent on the objections raised in the notice of appeal could not have led to the conclusion that the Tax Appeal Court also lacked the authority to increase the assessed valuation at the State's behest.

For these reasons, we hold that, in an appeal from a board of review, the jurisdiction of the Tax Appeal Court is limited to objections that were raised before the board, and any other issues, either of fact or of law, that were necessarily considered by the board. *Cf.* HRS § 232–16 ("An appeal to the tax appeal court shall bring up for review all questions of fact and all questions of law, including constitutional questions, necessary to the determination of the objections raised by the taxpayer or county in the notice of appeal.").

B. *In its appeal to the Board, the Taxpayer did not object to the assessment values of the buildings, and the Board did not necessarily consider them.*

### 1.

■ The Taxpayer maintains that each of its notices of appeal to the Board was an appeal from the corresponding total real property assessment, as it was required to be under the Rules of the Board of Review of the County of Kaua'i, State of Hawai'i, Relating to Procedure and Forms to be Used (hereinafter Kaua'i Tax Board Rules),[6] and not merely from the land or building components thereof. Thus, the Taxpayer argues that objections to the building assessments were raised before the Board. We disagree.

It is true that each of the Taxpayer's notices of appeal to the Board specified a total real property valuation that was being claimed. Closer examination of the notices of appeal, however, reveals that the Taxpayer did not contest the building assessments but only challenged the land assessments; the total real property valuations claimed by the Taxpayer were merely the sums of the uncontested building assessments and the claimed land valuations. Moreover, at the hearing before the Board, the Taxpayer did not introduce any evidence with respect to the building valuations.[7] To allow the mere fact that the Taxpayer filled in blanks, on preprinted forms, stating its claimed total real property valuations to constitute objections to the building assessments, which were not in fact contested, would elevate form over substance. This we are not willing to do.

In *In re Tax Appeal of Hawaiian Land Co.*, 53 Haw. 45, 487 P.2d 1070 (1971), *appeal dismissed sub nom. Hawaiian Land Co. v. Director of Taxation, State of Hawaii*, 405 U.S. 907, 92 S.Ct. 938, 30 L.Ed.2d 778, *rehearing denied*, 405 U.S. 1048, 92 S.Ct. 1308, 31 L.Ed.2d 591 (1972), we reached the opposite result, holding that even where the taxpayer's amended notice of appeal "include[d] only the value of the buildings," 53 Haw. at 54, 487 P.2d at 1076, the Tax Appeal Court had jurisdiction over the land valuation as well. In announcing our decision, however, we stressed that the holding was only applicable to disputes arising before statutory amendments made in 1963 took effect, stating:

[U]nder the law applicable when the dispute arose, the Taxpayer's assessment and notification of such assessment had to contain only the value placed on its "property." ... Only after the present dispute arose did the legislature amend both the valuation section and the notification provisions to allow land and buildings to be treated separately. Thus, we hold that *before the amendment*, assessment and

---

6. Rule 5.2 of the Kaua'i Tax Board Rules provides in pertinent part that "[t]he notice [of appeal] ... shall state that the appeal is from the valuation, [sic] of total property with the value allocated to the land and to the building for improved properties."

7. We note that a taxpayer's "claim" is not limited to the valuation stated in its notice of appeal. *See County of Maui v. KM Hawaii Inc.*, —— Hawai'i ——, ——, 915 P.2d 1349, 1356 (Haw.

1996). In our view, however, where the notice of appeal reveals the taxpayer's acceptance of one of the discrete components of the assessment, the taxpayer's "claim" cannot ordinarily include a challenge to that component. In any event, the taxpayer's "claim" is always limited by the evidence presented, *KM Hawaii*, —— Hawai'i at ——, 915 P.2d at 1356, and, in the instant case, there was no evidence presented to the Board to indicate that the building valuation should have been any less than the assessed value.

valuation as used in Section 232–13 referred to the total value of real property and[,] once the Taxpayer appealed the assessment[,] both the value of the land and buildings were in dispute.

*Id.* at 54–55, 487 P.2d at 1077 (footnotes omitted) (emphasis added). In the instant case, the applicable valuation and notification provisions, KCC §§ 5A–8.1 and –2.1, respectively, require that land and buildings be treated separately. Thus, our holding in *Hawaiian Land Co.* does not support the Taxpayer's argument.

2.

■ The Taxpayer further contends that, in order to resolve its KCC § 5A–12.3(1) claims, the Board was required to determine whether the total real property assessments, i.e., the combined land and building assessments, exceeded by more than twenty percent the actual valuations of the land and buildings. Therefore, the Taxpayer argues, the Board necessarily considered the building assessments, and the Tax Appeal Court possessed the jurisdiction to consider objections thereto.

■ We agree with the Taxpayer that the Board was without the authority to lower the land assessments pursuant to KCC § 5A–12.3(1) unless the Taxpayer established that the County's total assessment value exceeded the market value of the land and the buildings by more than twenty percent. *See Bishop Square Assocs. v. City and County of Honolulu,* 76 Hawai'i 232, 235, 873 P.2d 770, 773 (1994).[8] However, as we expressly stated in *Bishop Square Assocs.,* that requirement "in no way denies [a taxpayer] the right to appeal the assessment of either its land or its buildings." *Id.*[9]

For similar reasons, we reject the Taxpayer's argument that because it claimed "[e]rror in the method of assessment or the application of the method of assessment" as a ground for objection in its notice of appeal to the Board, the Board was automatically called upon to consider the building assessments. Thus, we conclude that the Taxpayer did not object to the assessment value of the buildings, and the Board did not necessarily consider them. Accordingly, we hold that the Tax Appeal Court did not have jurisdiction with respect to the building assessments.

*C. The Taxpayer is not entitled to present evidence of the fair market value of the buildings.*

■ In its answering brief, the County suggests that, although the Tax Appeal Court lacks jurisdiction to alter the building assessments, under our holding in *Bishop Square Assocs., supra,* the Taxpayer is nevertheless entitled to present evidence of the fair market value of the buildings in order to establish that the total assessment exceeded the combined market value of the land and the buildings by more than twenty percent.

In *Bishop Square Assocs.,* the Tax Appeal Court had ruled that it could not lower the taxpayer's land assessment under Revised Ordinances of Honolulu § 8–12.3(1) because the taxpayer had not presented any evidence of the value of the buildings. We disagreed, holding that there was evidence in the record that established that the total assessment exceeded the market value of the property by the requisite amount.

The evidence on which we based our holding was the assessed value of the buildings as introduced by the City and County of Honolulu. Although some of our dicta suggested that the taxpayer could have presented other

8. Our holding in *Bishop Square Assocs.* was based on "the plain and unambiguous language" of Revised Ordinances of Honolulu (ROH) §§ 8–1.2 and –12.3(1). 76 Hawai'i at 235, 873 P.2d at 773. Because KCC §§ 5A–1.1 and –12.3(1) are in all material respects identical to ROH §§ 8–1.2 and –12.3(1), respectively, our holding in *Bishop Square Assocs.* is applicable to the tax appeal before the Board in the instant case.

9. Rule 2(b)(2)(C) of the Rules of the Tax Appeal Court of the State of Hawai'i, cited in *Bishop Square Assocs.,* 76 Hawai'i at 235 & n. 2, 873 P.2d at 773 & n. 2, expressly provides that no-

tices of appeal to the Tax Appeal Court must state "whether land or improvements or both" are being appealed. Rule 5.2 of the Kaua'i Tax Board Rules employs somewhat different language, providing in pertinent part that "[t]he notice ... shall state that the appeal is from the valuation, [sic] of total property with the value allocated to the land and to the building for improved properties." In our view, this language permits a taxpayer appealing to the Board to contest the assessed value of either its land or its buildings, and does not obligate it to challenge both.

evidence, *see Bishop Square Assocs.*, 76 Hawai'i at 234, 236, 873 P.2d at 772, 774 (stating that the taxpayer "chose not to produce evidence" of the building values at trial), we made clear that where the taxpayer "did not contest the building assessments[,] the assessment value of the buildings must represent, by law, the fair market value of the buildings." *Id.* at 236, 873 P.2d at 774 (footnote omitted).

In the instant case, because the taxpayer did not contest the building assessments before the Board it is precluded from doing so before the Tax Appeal Court. Therefore, "the assessment value of the buildings must represent, by law, the fair market value of the buildings." *Id.* In light of the fact that the fair market value of the buildings is thereby conclusively established, any other evidence of the fair market value of the buildings would be irrelevant. Accordingly, we reject the County's suggestion that the Taxpayer would be allowed to present evidence of the fair market value of the buildings to the Tax Appeal Court.

### III. *CONCLUSION*

For the foregoing reasons, we affirm the Tax Appeal Court's order granting the County's motion for partial summary judgment.